IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALOYSIUS THADDEUS HENRY, ) | |
| AIS #152683, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CASE NO. 2:12-CV-346-TMH |
| ) | |
| GARY HETZEL, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Aloysius Thaddeus Henry ["Henry"] on April 13, 2012.[1] In this petition, Henry challenges a conviction for first degree robbery imposed upon him on September 12, 2005 by the Circuit Court of Montgomery County, Alabama.[2] On September 30, 2005, the trial court sentenced Henry as a habitual felony offender to life imprisonment for this conviction.

---

[1] Although the Clerk stamped the petition received on April 16, 2012, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Henry certified he placed the petition in the prison mail system on April 13, 2012. Petition for Habeas Corpus Relief (Doc. No. 1) at 14. In light of the foregoing and for purposes of the proceedings herein, the court considers April 13, 2012 as the date of filing.

[2] Henry asserts he is entitled to relief from his robbery conviction because the alleged victim did not provide a statement or sign a complaint identifying him as the perpetrator of the robbery, a judge did not sign the complaint or arrest warrant, counsel failed to obtain copies of video tapes from surrounding businesses, several witnesses were not called during the Rule 32 hearing and the victim at various times during questioning by the arresting officers denied Henry robbed him.

## II. DISCUSSION

A review of the records of this court establishes that Henry filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 in which he challenged the conviction made the basis of the instant petition. *Henry v. State of Alabama, et al.*, Case No. 2:07-CV-1090-MEF (M.D. Ala. 2010), affirmed on appeal July 7, 2010, *cert. denied*, 131 S.Ct. 2448 (2011). In this prior habeas action, the court denied Henry relief from his 2005 Montgomery County robbery conviction. Specifically, the court determined all of Henry's claims for federal habeas relief, with the exception of the claims related to an alleged denial of exculpatory evidence, his claim regarding denial of a preliminary hearing within the time required by state law and his allegations of ineffective assistance of counsel regarding counsel's failure to interview witnesses and obtain copies of purported video tapes, were procedurally barred from review because Henry failed to present these claims to the state courts as required by the State's procedural rules either at trial, on direct appeal, in the Rule 32 petition or on appeal from the trial court's order denying the Rule 32 petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d

1135, 1140 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n.9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). With respect to those claims not procedurally defaulted, the court decided these claims adversely to Henry finding the state courts had properly adjudicated such claims on the merits. *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). Although this court dismissed Henry's

prior habeas action based on the procedural default of several claims and proper adjudication of the remaining claims by the state courts, this dismissal constitutes adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) (habeas petition dismissed based on procedural default counts as a prior petition because petitioner is incapable of curing defect underlying the district court's judgment); *Carter v. United States,* 150 F.3d 202, 205-06 (2d Cir. 1998) (same); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Hutcherson v. Riley*, 468 F.3d 750, 755 (11th Cir. 2006) (after failed, untimely § 2254 petition, petitioner must "satisfy the requirements under 28 U.S.C. § 2244(b)" and receive requisite authorization from appellate court to file successive habeas petition in district court); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (previous § 2254 petition dismissed as untimely constitutes a prior application adjudicated on the merits "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the . . . substantive claims[,]" and, therefore, the petitioner must receive the appellate "court's permission to file another petition."); *Bell v. Cone*, 543 U.S. 447, 455 (2005) (per curiam) (With respect to claims adjudicated on the merits by the state courts, federal courts address the merits of such claims but, in so doing, apply the "highly deferential standard" of review set forth in 28 U.S.C. § 2254(d).); *Miller-El v.*

*Cockrell*, 537 U.S. 322, 340 (2003) (Although federal habeas review of state court decisions is subject to the heightened deference required by § 2254(d), this "deference does not imply abandonment or abdication of judicial review.  Deference does not by definition preclude relief.").

It is clear from the pleadings filed herein that Henry has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  "Because this undertaking [is Henry's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed.  *Id.* at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Aloysius Thaddeus Henry on April 13, 2012 be DENIED; and

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Henry has failed to obtain the requisite order from the Eleventh

Circuit Court of Appeals authorizing this court to consider his successive habeas application.[3]

It is further

ORDERED that on or before **May 3, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

---

[3] The court notes that any habeas claims the petitioner seeks to present are subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "entitle [Henry] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-31 (11th Cir. 1999).

Done this 19th day of April, 2012.

                                                        /s/ Wallace Capel, Jr.
                                                        WALLACE CAPEL, JR.
                                                        UNITED STATES MAGISTRATE JUDGE